[Cite as *State v. Owsley*, 2017-Ohio-7490.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NO. C-160586 |
| | | TRIAL NO. B-1505289 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| JULIUS OWSLEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: September 8, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*John D. Hill, Jr.*, for Defendant-Appellant.

**CUNNINGHAM, Judge.**

{¶1} Defendant-appellant Julius Owsley appeals from the order of the Hamilton County Court of Common Pleas continuing its jurisdiction over him after finding him incompetent and ordering his commitment to the facility at Summit Behavioral Heathcare. Because the trial court's order contains an error affecting the maximum duration of the court's continuing jurisdiction, we reverse and remand for the trial court to correct the order.

{¶2} Owsley was indicted for felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony. Subsequently, the trial court found him incompetent to stand trial and ordered him to undergo restoration treatment at the facility at Twin Valley Behavioral Healthcare for a period of time not to exceed 12 months.

{¶3} Months later, on June 7, 2016, the trial court held an R.C. 2945.39 hearing and found there was not a substantial probability that Owsley would become competent to stand trial even if he were provided a continued course of treatment. After finding by clear and convincing evidence that Owsley committed the offense of felonious assault as charged in the indictment and that he "[wa]s a mentally ill person subject to court order," the court entered an order retaining jurisdiction over Owsley and committing Owsley to the facility at Summit Behavioral Healthcare. In its order, the trial court also indicated that the maximum possible prison term for Owsley's offense was "11 years."

{¶4} By operation of R.C. 2945.401(A) and (J)(1)(b), the trial court's jurisdiction over Owsley continues until the final termination of the commitment, which will occur at the expiration of the maximum prison term that Owsley could have received if he had been convicted of the charged offense, unless the court on an earlier date terminates the commitment pursuant to R.C. 2945.401(J)(1)(a) or (c).

2

{¶5}   In his sole assignment of error, Owsley argues that the trial court's June 7, 2016 order was contrary to law because it indicated that the maximum possible prison term for the version of felonious assault for which he was indicted was 11 years, when it was actually eight years.   He requests that this court reverse the trial court's judgment and remand the cause for the correction of the deficiency.

{¶6}   We hold that the assigned error is meritorious.   As conceded by the state, Owsley was indicted for the second-degree felony version of felonious assault that carries a maximum penalty of eight years' imprisonment.   Thus, the June 7, 2016 order should have indicated that the maximum possible penalty was an eight-year term.   Because Owsley has demonstrated that the trial court's June 7, 2016 order was contrary to law, we sustain the assignment of error.

{¶7}   Accordingly, we reverse the trial court's judgment and remand the cause for the trial court to issue a corrected order reflecting that the maximum penalty for the offense was an eight-year prison term.

Judgment reversed and cause remanded.

**MOCK, P.J.,** and **MILLER, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.